late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**Yan ZHU, Petitioner,**

v.

**Alberto GONZALES,\* Respondent.**

No. 04–4338.

United States Court of Appeals, Second Circuit.

Jan. 26, 2006.

Yan Zhu, Flushing, NY, for Petitioner, pro se.

Barbara M. Bowens, Assistant United States Attorney (Jonathan S. Gasser, United States Attorney for the District of South Carolina, on the brief), Office of the United States Attorney for the District of South Carolina, Columbia, SC, for Respondent.

<hr>

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto Gonzales is substituted as the respondent in this case for his predecessor, Attorney General John Ashcroft.

PRESENT: JOSEPH M. McLAUGHLIN, JOSÉ A. CABRANES and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review be and hereby is **DENIED.**

Yan Zhu, a native and citizen of the People's Republic of China, petitions for review of the July 16, 2004 BIA decision affirming without opinion an immigration judge's ("IJ") May 29, 2003 decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1]

We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA affirms the IJ's decision without opinion, this Court reviews only the IJ's decision. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005).

Zhu challenges the IJ's findings with respect to credibility, nexus to a protected ground, and the possibility of relocation. On appeal to the BIA, however, Zhu challenged only the IJ's nexus and relocation findings. Because Zhu failed to exhaust her challenge to the IJ's adverse credibili-

<hr>

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; *see also* 8 C.F.R. § 1208.16 (regulations implementing the CAT).

ty determination, this Court lacks jurisdiction to review the claim. *See Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005). Because this Court cannot review the IJ's adverse credibility determination, the BIA's summary affirmance of the IJ's decision stands as the final order with respect to that issue. *See* 8 C.F.R. § 1003.1(e)(4) (2005). Because the IJ's adverse credibility determination must stand, a review of the nexus and relocation findings is unnecessary; even if they are not supported by substantial evidence in the record, they are rendered moot by the adverse credibility determination.

Zhu has not briefed the CAT issue on appeal, so she has waived any challenge to the IJ's finding with respect to CAT relief. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is **DENIED.**

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).